MRS. J. C. ERWIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

J. C. ERWIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 10250, 10251. Promulgated August 1, 1927.

A demand note to cover petitioners' proportion of a loss was given to a bank on December 18, 1920, with instructions to charge it against petitioners' checking account as soon as that account was sufficient to liquidate the note. On December 30, 1920, the checking account was large enough to liquidate the note. The note, however, was not charged against the checking account until January 18, 1921. *Held,* that payment of the note was made in December, 1920, and the loss was deductible in 1920.

*J. M. McMillan, Esq., J. Robert Sherrod, Esq.,* and *W. W. Rankin, C. P. A.,* for the petitioners.
*Arthur H. Murray, Esq.,* for the respondent.

These proceedings, duly consolidated for disposition upon the facts as stipulated by the parties hereto, involve deficiencies of $52.62 for the calendar year 1920 against each of the petitioners. The deficiencies result from the respondent's disallowance as a deduction from gross income of each of the petitioners for the year 1920, of the amount of $1,315.65, being one-half of a loss alleged to have been sustained in that year. It is stipulated that if the respondent's determination is approved, the deficiency in tax as to each petitioner for the year 1920, is $52.62.

### FINDINGS OF FACT.

The petitioners are husband and wife residing in the State of Texas. All income accruing to the petitioners arose under the community property law of the State of Texas, and for the calendar year 1920, each filed a separate income-tax return reporting thereon, on a cash receipts and disbursement basis, one-half of the community income.

On December 18, 1920, the petitioner, J. C. Erwin, gave to the Collin County National Bank a noninterest-bearing demand note for $2,631.30 to cover an indebtedness to that bank, which indebtedness is stipulated as " Collin County National Bank loss." At the time of giving the note, the petitioner, J. C. Erwin, gave instructions to the bank that the note should be charged against his checking account when the balance in that account was sufficient to liquidate the note. On December 18, 1920, the balance in the checking account was $2,510.99 and on December 30, 1920, the balance was $2,911.82.

On January 18, 1921, the Collin County National Bank charged the note for $2,631.30 against the checking account of the petitioner, J. C. Erwin.

The petitioners in their income-tax returns for the year 1920, each deducted the amount of $1,315.65 as a loss sustained in that year. Upon audit of the returns the Commissioner disallowed the deduction so taken by each petitioner and determined that the note for $2,631.30 was paid in 1921, and that the loss should have been deducted in that year.

OPINION.

LOVE: The petitioners contend that the balance in the checking account of the petitioner, J. C. Erwin, having been on December 30, 1920, greater than the amount of the note, the bank could and should have charged the note against that account on that day as it had theretofore been instructed to do and for that reason it is urged that payment to the bank was made and the resulting loss sustained in the year 1920. The bank having been given authority, instructions and directions to charge the note against the checking account when that account became large enough to cover the note, the petitioners had done all that was necessary on their part and the failure of the bank to make the book entry can not delay the right to take the deductions.

The question presented is one of law as there is no disagreement as to the facts. It is not disputed that a deductible loss was sustained. The year in which such loss was sustained is, however, in dispute. The question we are called upon to decide is whether J. C. Erwin, by reason of the fact that he instructed the bank to charge the demand note for $2,631.30 against his checking account when it became sufficient to liquidate the note and which was sufficient to do so on December 30, 1920, made payment to the bank and sustained, by reason of such payment, the loss in 1920 notwithstanding the fact that the bank did not charge the note against his account until January 18, 1921.

In the case at bar the petitioner had given instructions and those instructions were intended and so understood by all parties to the transaction, to be in lieu of a check, dated on the date when the account became sufficient to pay the note; and was, in effect, a check drawn against that account, as of that date, in payment of that note.

Under the facts of this case, we hold that payment of the note was made and the loss sustained in 1920.

> *Judgment of no deficiency will be entered for the petitioners.*

Considered by SMITH and LITTLETON.